# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN POWER, LLC.,** | : | Civil No. 1:15-CV-2091 |
| | : | |
| **Plaintiff** | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **SPEEDCO., INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.   Introduction

This case is a multi-count civil action in which the plaintiff seeks damages from the defendant on a variety of legal theories, arising out of an incident that occurred on February 16, 2015, when plaintiff's Freightliner semi-truck experienced engine failure shortly after undergoing basic maintenance servicing at Speedco's location at 7709 Linglestown Road, Harrisburg, Pennsylvania. This litigation is before the court for consideration of number of pending motions, including a motion for summary judgment, (Doc. 43), and has been marked by increasingly acrimonious and contentious disputes between the parties.

Most recently these disputes have manifested themselves through a series of sanctions motions, (Docs. 42, 54, 55, and 56), as well as competing motions to strike various affidavits and other filings submitted in connection with the outstanding

summary judgment motion. (Docs. 63 and 69.) In an effort to temper this zealous advocacy with an appropriate measure of mutual civility, we are now addressing the competing motions to strike, (Docs. 63 and 69), each of which challenges the sufficiency, and evidentiary competence, of various summary judgment motion filings.

Because we believe that matters should be addressed on their merits, and are convinced that a motion to strike serves a limited and narrow purpose under the law, for the reasons set forth below, we will DENY these motions to strike, but without prejudice to considering the substantive arguments raised in these pleadings when we assess the pending motion for summary judgment.

**II.     Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure generally governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is

guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly

the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982). Further, it has been our practice in a summary judgment setting to decline invitations to strike affidavits or other similar pleadings submitted in connection with summary judgment motions on the grounds that they are not valid, competent evidentiary filings. Instead of striking these pleadings entirely, we believe that it is more appropriate to address these evidentiary objections, or other related concerns, in the context of ruling upon the summary judgment motion itself. See Styer v. Frito-Lay, Inc., No. 1:13-CV-833, 2015 WL 999122, at *2 (M.D. Pa. Mar. 6, 2015).

In this case, upon consideration of these motions to strike, recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the assertions in these pleadings are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike. However, because we understand the concerns

regarding the sufficiency and competence of these various filings as submissions in support of, or opposition to, a summary judgment motion, consistent with our past practice, the Court will, instead, simply consider the arguments advanced in these motions, along with all other arguments made by the parties in their summary judgment pleadings, when we address the pending summary judgment motion on its merits.

### III. Conclusion

Accordingly, for the foregoing reasons, the parties' motions to strike (Docs. 63 and 69), are DENIED without prejudice to considering the arguments advanced in these motions, along with all other arguments made by the parties in their summary judgment pleadings, when we address the merits of the pending summary judgment motion.

So ordered this 4th day of November, 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge